UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BROADBENT WILDLIFE SANCTUARY, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 3:14-CV-109-TAV-HBG |
| BUDDY GREGG MOTOR HOMES, LLC, | ) |
| Defendant/Third-Party Plaintiff, | ) |
| v. | ) |
| NEWMAR COPORATION, | ) |
| Third-Party Defendant/Third-Party Plaintiff, | ) |
| v. | ) |
| FREIGHTLINER CUSTOM CHASSIS CORP., | ) |
| Third-Party Defendant. | ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the Chief District Judge [Doc. 47]. Now before the Court is a Motion to Stay, Transfer or Consolidate [Doc. 41], filed by Defendant/Third-Party Plaintiff Newmar Corporation ("Newmar"). This motion is fully briefed and the parties appeared before the undersigned on May 8, 2015, to present oral arguments. For the reasons more fully stated herein, the undersigned **RECOMMENDS** that the Motion to Stay, Transfer or Consolidate be **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

On March 19, 2013, Plaintiff purchased a motor home from Defendant Buddy Gregg Motor Homes, LLC ("Buddy Gregg"). Mary Ann Tobin ("Tobin"), President of Plaintiff Broadbent Wildlife Sanctuary, Inc., entered into a contract with Buddy Gregg in Knoxville, Tennessee, to purchase a 2013 Newmar Mountain Aire ("the Motor Home"), for over $400,000. According to the Plaintiff, the Motor Home began malfunctioning shortly after it was purchased. Specifically, Tobin noticed issues with the acceleration, electronics, and speed governance. Tobin alleges that in her attempts to have the Motor Home repaired she contacted both Newmar and Defendant Freightliner Custom Chassis, Corp. ("Freightliner"), the alleged chassis manufacturer. Ultimately, Plaintiff was not satisfied with the Motor Home and filed suit.

On March 18, 2014, the Plaintiff filed a case in the United States District Court for the Northern District of Indiana styled Broadbent Wildlife Sanctuary Inc. v. Newmar Corporation, *et al.*, No. 3:14-CV-542, in which Plaintiff sued Newmar, Freightliner Corporation, and Freightliner Custom Chassis Corporation. According to Newmar, the Indiana case has proceeded at a quicker pace than the pace at which this case has proceeded. In the Indiana case, the parties have filed the report of the Rule 26(f) conference, propounded discovery on one another, responded to discovery, begun discussing an inspection of the Motor Home, and scheduled a mediation to take place on September 9, 2015.

On March 19, 2014, the Plaintiff filed the instant case suing only Buddy Gregg. Buddy Gregg has filed dispositive motions in this case, and Newmar and Freightliner Custom Chassis Corporation have been brought in as third parties. The parties in this case only recently filed the report from their Rule 26(f) planning meeting. [Doc. 48].

The Indiana case and the instant case are similar in nature and relate to the same operative facts. The parties are congruent except that Defendant Buddy Gregg was not sued in the Indiana case.

At the hearing before the undersigned, the parties agreed to consolidate discovery in this case and the Indiana case. All parties, including Buddy Gregg, have agreed to participate in mediation in the Indiana case that is scheduled for early September.

## II. POSITIONS OF THE PARTIES

In its Motion to Stay, Transfer or Consolidate [Doc. 41], Newmar moves the Court to either: stay the instant case pending adjudication of the Indiana case; transfer the instant case to the Indiana court for consolidation; or to consolidate the two cases for all purposes other than trial. Newmar maintains that the Court should transfer this case to Indiana pursuant to the first-to-file rule, so that it can be consolidated with the case in Indiana. Newmar maintains that such a transfer will save both judicial resources and the parties' resources.

Buddy Gregg has responded in opposition to Newmar's request to transfer but concedes that staying the instant case may be appropriate. [Doc. 42]. Buddy Gregg notes that it is not a party to the Indiana litigation. Buddy Gregg argues that this case cannot be transferred to Indiana for consolidation, because the Indiana court lacks personal jurisdiction over Buddy Gregg. Buddy Gregg maintains that it has not waived personal jurisdiction. It contends that, even if jurisdiction were proper in Indiana, a transfer would not be in the interests of justice because many witnesses are located in Tennessee.

Freightliner objects to staying this case, but it takes no position on transferring the case. [Doc. 43]. It agrees that the cases should at least be consolidated for the purposes of discovery.

Plaintiff also objects to staying this case but agrees that the cases should be consolidated for discovery. [Doc. 44]. Plaintiff ultimately favors transfer of this case to Indiana and notes that it appears Buddy Gregg consented to personal jurisdiction in Indiana through its "2013 Model Year Dealer Policy & Procedure Manual."

In its reply, Newmar maintains that the first-to-file rule permits a stay and/or transfer and consolidation in the Indiana court. [Doc. 46]. Newmar argues that the contract between Buddy Gregg and Newmar contains a valid forum selection clause whereby Buddy Gregg consented to exclusive jurisdiction in Indiana on all claims related to and arising out of the Motor Home's warranties.

### III. ANALYSIS

The Court has considered the parties' positions and the alternative forms of relief that have been proposed. For the reasons stated herein, the undersigned finds that the first-to-file rule supports transferring this case to Indiana where it can be consolidated with the case that is currently pending in Indiana.

**A. First-to-File Rule**

The first-to-file rule is a well-established doctrine, which provides that "when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp., 511 F.3d 535, 551 (6th Cir. 2007) (internal citations omitted); see also Zide Sport Shop of Ohio, Inc. v. Ed Toberqte Assocs. Inc., 16 Fed. App'x 433, 437 (6th Cir. 2001); Malibu Boats, LLC v. Marine Power Holding, LLC, No. 3:14-CV-152-PLR-CCS, 2015 WL 3626997, at *2 (E.D. Tenn. June 9, 2015).

The Court first finds that two cases were filed in two separate courts: one in the District Court for the Northern District of Indiana and one in the District Court for the Eastern District of Tennessee.

The Court further finds that the instant case is nearly identical to the case pending in Indiana. The claims in both cases arise out of the same transaction and contracts, and the issues to be decided by the trier of fact will be essentially identical. The Court finds that the parties are nearly identical, with the only difference being that Buddy Gregg was not sued in the Indiana case. The failure to include Buddy Gregg in the Indiana case does not preclude application of the first-to-file rule, because regardless of this slight incongruence, the instant case and the Indiana case will resolve the same claims and issues.

Because there are two cases, which are nearly identical, pending in two separate district courts, the Court finds that the first-to-file rule is applicable and that the instant case, as the later-filed case, should be transferred to the Northern District of Indiana, absent any jurisdictional or equitable considerations that would prevent such a transfer.

**B.    Personal Jurisdiction**

The first-to-file rule works in tandem with 28 U.S.C. § 1404(a), which provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A court cannot transfer a case against a party to another district court without first finding that the transferee court can exercise jurisdiction over the party. See Herman Miller, Inc. v. Blumenthal Distrib., Inc., No. 1:14-CV-1111, 2015 WL 1565433, at *2 (W.D. Mich. Apr. 8, 2015) ("[T]his Court cannot transfer the case against Fris to the Central District of California

absent a finding prior to transfer that the Central District of California court can exercise personal jurisdiction over Fris.")

In this case, the "2013 Model Year Dealer Policy & Procedure Manual," ("the Manual"), which Buddy Gregg entered into as a dealer, provides, "All sales of Newmar products are deemed to occur in Indiana . . . ." [Doc. 44-1 at 2]. Further, the Manual states, "The courts (state or federal) located in the State of Indiana have exclusive jurisdiction to resolve any dispute based on this warranty, any implied warranty, or any alleged warranty breach, as well as any claim [or] cause filed in conjunction with a breach of warranty claim." [Doc. 44-1 at 1].

A forum selection clause "should be upheld absent a strong showing that it should be set aside." Wong v. PartyGaming, Ltd., 589 F.3d 821, at 828 (6th Cir. 2009) (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991)). "When evaluating the enforceability of a forum selection clause, this court looks to the following factors: (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." Id. (citing Sec. Watch, Inc. v. Sentinel Sys., Inc., 176 F.3d 369, 375 (6th Cir. 1999)).

Buddy Gregg has stated generally that it does not consent to personal jurisdiction in Indiana and has not waived personal jurisdiction to allow this case to proceed in Indiana. [Doc. 42 at 3]. The Court finds these general statements do not amount to a strong showing that the forum selection clause should be set aside. Buddy Gregg has not made any showing that it entered into the agreement containing the forum selection clause while under duress, nor has it shown that the forum selection clause is unfair or ineffective. Buddy Gregg has argued that Indiana may not be as convenient a forum as Tennessee. However, its general allegations that

more witnesses may be found in Tennessee does not amount to a showing that litigating these claims in Indiana would be "seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." Wong, 589 F.3d at 828. Thus, the Court cannot find that Buddy Gregg has made a sufficiently strong showing for setting aside the forum selection clause found in the Manual.

**C.     Other Equitable Considerations**

As noted above the first-to-file rule may be set aside where equitable considerations weigh against its imposition. In this case, there is no evidence that the Indiana case was filed first in an effort to forum shop or beat a would-be plaintiff to the courthouse. Moreover, while Tennessee may be a more convenient venue for certain witnesses associated with Buddy Gregg, the Court cannot find that Tennessee is the most convenient venue for all of the witnesses. Further, the Court finds that the value of litigating all the claims at issue in a single forum – and thereby eliminating redundancies and saving resources – outweighs Buddy Gregg's convenience in litigating in Tennessee. Accordingly, the Court finds that there is no equitable basis for setting aside or declining to endorse the first-to-file rule in this case.

## IV.   CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS**:[1]

1. The Motion to Stay, Transfer or Consolidate be **GRANTED IN PART** and **DENIED IN PART**; and

2. The Clerk of Court be **DIRECTED** to transfer this case to the Northern District of Indiana, South Bend Division, to allow it to be consolidated with Broadbent Wildlife Sanctuary, Inc. v. Newmar Corporation, *et al.*, No. 3:14-cv-542, as that court deems appropriate.

> Respectfully Submitted,
>
> _____
> United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).